The next final matter on the docket this morning, case number 122958, agenda number 11, is People v. Newton. You may proceed. Thank you, Your Honor. May it please the Court, counsel. My name is Santos Inderman. I am from the Office of the State Appellate Defender, and I am here on behalf of Mr. Jefaya Newton. Mr. Newton was convicted of one count of unlawful delivery of a controlled substance. However, under Section 407b2 of the Illinois Controlled Substance Act, his conviction was enhanced to a Class 1 felony because the delivery occurred within 1,000 feet of a building alleged to be a church. Yet, the State failed to demonstrate beyond a reasonable doubt that the building at issue was, in fact, being used as a place primarily used for religious worship, as required by Section 407b2. There is an argument that that is not part of the definition of a church. That is a separate phrase. Would you address that? Yes, Your Honor. Well, I would draw the Court's attention back to People v. Hardman, which was decided less than six months ago. In People v. Hardman, this Court concluded that as a rule of law, Section 407b1 through b6 requires the State to prove beyond a reasonable doubt, to demonstrate that a perpetrated church was being used primarily for religious worship. The language in Hardman is, in fact, a rule of law which this Court reached while deciding the facts in Hardman. There's three reasons why this Court should reaffirm that rule of law. First, it is in accord with the plain and ordinary reading of the statute. The plain and ordinary reading of Section 407b2 creates the aggravated offense where a place, structure, building, church or synagogue is being used primarily for religious worship. Maybe not quite. Maybe it's written a little flipped around. Comprising any church, synagogue, or other building, structure, or place used primarily for religious worship. Yes, Your Honor. So it begins with saying church, synagogue, or any other building. I think this is the question that the Chief is asking here is it's just your interpretation. What does used primarily for religious worship modify? Well, it should modify the entire provision, including church and synagogue, and that is because of the doctrine of Ehudem Generis. Where the use of the word other is being applied, that word must be read as other such-like elements, meaning that all the elements that were specifically listed should attach and have the same characteristic as the general terms. Here, the general terms is building, structure, and place. Therefore, building, structure, and place must be of the same characteristic as a church or synagogue. Yet, the legislature added the more defining phrase used primarily as a religious worship. To suggest that used primarily as a religious worship only applies to the general term violates the rule of Ehudem Generis. Furthermore, it violates the legislative intent in enacting the enhanced penalty. In People v. Falbee, this court held that the enactment of the enhanced penalty was done to protect the vulnerable populations that are using these places primarily for religious worship. If you separate these concerns, if you relieve the state from the burden of proving that a building that structurally looks like a church is in fact being used as a place of religious worship, if you relieve the state from that burden, you separate the concerns stated in People v. Falbee from the statute itself and from the state's burden of proving that a church is being used primarily for religious worship. Is it your position that if a defendant was arrested on Wednesday, but the church only holds services on Sunday, that means the church wasn't used primarily for worship? No, Your Honor. That is not my position. In fact, my position is that if the religious use is ongoing, even though it's held once a week, it is ongoing at the time surrounding the offense, then it would meet the statutory requirement. However, the state must demonstrate that the use was ongoing and that the use, in fact, was primarily for religious worship. To answer your question, I would point the court back to People v. Spark out of the Second District. In Spark, the court answered that question and said that if a chapel is being used for religious worship on Sunday and for other purposes on any other day, it is still a place used primarily for religious worship. We are not contending that it must be used on the day of the offense, so long as the religious use surrounds the time period at which the offense will occur. Before you get into your second reason, counsel, Hardeman was not analyzing the subsection pertaining to churches, was it? I would say that's incorrect, Your Honor. Hardeman analyzed that subsection in order to address the differences between churches and schools. In Hardeman, the parties briefed and argued that whether schools should be treated like churches. The defendant in Hardeman asked this court to treat schools like churches. This court analyzed all the cases we cited today and reached the same conclusion and stated, no, a school, the requirement for church is that it be proven to be used for religious worship. Whereas for schools, there's a separate statutory provision in Section 47C which eliminates the need to show that it's being used as a school. But certainly not analysis as you would suspect that this court would utilize or would employ an analysis with this case, right? I mean, they were deciding another issue, and likewise, the appellate court decisions, the Hardeman court did not look at the validity of the appellate court decisions imposing a use requirement, right? They just said these appellate court decisions imposed a use requirement, but there was an analysis of the validity of what they said, was there? They did not address whether the analysis themselves were valid, but they did reach a conclusion of law and stated that subsection 47B1 through 6 required the state to demonstrate that the purported church was used primarily for religious worship. If we disagreed with your argument today, would you take the position that we would have to overrule Hardeman to do it? You would not have to overrule Hardeman, Your Honor, but you would have to address why the statement in Hardeman was logically incorrect. And our position is that the statement in Hardeman is logically correct for three reasons. As stated before, first, the statement is in accord with the plain and ordinary meaning of Section 47B2 as it relates to church, as it relates to churches and places of religious worship. Furthermore, it furthers the legislative intent of protecting the vulnerable population that uses these places of worship. And as stated in the People v. Farley, those populations are vulnerable because of the nature of the activity they are held. Places of worship have lacked security. The congregants are more accepting, less likely to protect against the evil of drug trafficking. And finally, it supports the statutory scheme established in the Illinois Control Substance Act. 47C eliminates the need to search for use requirement for schools, but it does not do so for churches. And this Court has acknowledged that in People v. Hardeman. To suggest that the statement in Hardeman is incorrect would require some logical grounding in finding for the state in this case. Does the Court have any other questions as to the use requirement for churches versus schools? If not, I would like to bring the Court's attention as to the evidence presented in this case. The evidence presented in this case was, in fact, entirely observatory. The only evidence was as to Detective Baerbaum's testimony. What Detective Baerbaum said, and I will quote, As far as I could tell, he's answering the question from the state whether this is a church. As far as I could tell, again, I didn't go to church that day, but I did see vehicles coming and going from the parking lot. And again, I parked very close to the church, but not in the parking lot. It would have been an ideal place, but not with the cars coming and going from there. So he has given two reasons, and in fact three reasons, why he believes it's a church. First, he noticed that there was a sign outside that says church. Second, he noticed that there were cars going and coming from the parking lot, yet he does not testify as to whether there are persons coming and going from the building. And finally, he stated that the lawn had been moved. So he has given a cruciary observation of the structure of the building and the surrounding of the building to reach a conclusion that the building is in fact a church without providing any testimony as to the activity being held within. So you're saying that to prove this element that the officer would have had to enter the building, or would the state have to call the pastor, what evidence would be sufficient? Your Honor, every appellate court, including those who find that the name alone would have been sufficient, have stated that calling a pastor would in fact meet the burden that the state has to provide. However, when it comes to a police officer, he has to do more than just provide his cruciary observation. We don't say that he has to go in to say that I went in and I saw there was a religious service being held. Yes, that would have been ideal. But if he testified and said, you know, I'm a member of the neighborhood. I patrol this neighborhood regularly. I know the congregants. I know the pastor. There are masses being held Sunday mornings. I've seen weddings being operated there on Saturdays or around certain times. I've seen funeral corteges. I know this building to be a church around the time in which the offense occurred. That would have met his burden. What he did in this case is provide his once, one-at-a-time cruciary observation of what was happening on the outside of the building. A building that was marked, identified as church. Yes. Correct? With some religious symbolism on the outside. Well, there was a monolith. There was a monolith sign, which was a stone monolith with carved words in it that said First Christian Church. That in itself does not reach the level of particularized evidence, and it does not establish what is going on in the building and whether that activity that's being taken in the building is in fact religious in nature. In fact, I would point the quote back to people we fixed out of the Fifth District. In Fifth, the court said there is no rational relation between the name on a sign outside of a building and the activity that's being held within that building. Is your argument really that even should we disagree with you, first of all, that church and synagogue by definition are places used for religious worship? Is your argument really that it's been abandoned and is no longer a church or a synagogue if we think the use primarily for religious worship modifies only the second part of it? My argument is not that the building at issue was in fact abandoned. We don't know if that building was in fact abandoned. My argument is that it is mere speculation to suggest that a building with the name church attached to it or structurally looks like a church is in fact being used for religious purposes. There are several examples of buildings formerly known to be churches, which was stated in people we fixed. First of all, Your Honor, a church is not simply the building. It's not simply the structure. It is also the congregation. By definition, a church includes both the building and the congregation. But if we're talking about sale or delivery within 1,000 feet, we're talking about the building, not the congregation. Yes, but the language of the statute, again, requires demonstrating use and that the use is in fact religious in nature. If you separate that language away from church and you only apply it to places, structures, and buildings, then what you have is only churches and synagogues. The state would be relieved of its burden of proving religious activity for churches and synagogues, yet not for mosques or high temples. So it leads to a situation where you're running into, as stated in People v. Fabi, that the problem in People v. Fabi is whether this type of statute run afoul of the First Amendment. And Fabi said, without the use requirement, you are actually running afoul of the United States Constitution First Amendment of not establishing a form of religious protection. Without the use requirement, you're providing greater protection for one type of religion versus other types of religion. And the state would only have to say, this is a building that is structurally a church, and therefore we don't have to know this because the legislature already protected Christian establishment and Jewish establishment, but not Muslim establishment or other form of religion. The use of the word, the use of the phrase, use primarily for religious worship, must attach to the entire clause to protect the validity of that statute. If one looked in the dictionary, doesn't the dictionary definition of church mean a place of religious worship? So it's not a circular argument. It also includes three other definitions, including the body of all the clergy and the group of all Christians. It was stated in People v. Fitz, People v. Fitz is based on the rationale that churches and congregations are constantly in flux. There are churches, there is a formerly a building here in Springfield, formerly that was a church, structurally looks like a church, still have the vestiges of a church, but it's now Graham Elementary School. Same thing in Chicago, there's a gym of which I was once a member, which is now a rock climbing gym, but structurally on the outside looks like a church. So we cannot simply say, because the building has the traditional vestige of a Christian place of worship, therefore it meets the statutory requirement. The state must demonstrate that religious use is in fact being held within the building. The testimony here was simply a cursory observation from the exterior, without any demonstration as to what the activity was in fact in the building. Detective Baerbaum never said, I knew the pastor, I'm a member of the congregation. He never said that he patrolled the neighborhood. In fact, the record shows that he only been in that neighborhood twice to conduct a controlled bias. So as far as he could tell, it was a church. He was guessing it was a church because of the name, the cars in the parking lot, where he admitted he did not park at that parking lot, and also because the lawn had been mowed. What's wrong with the interpretation that, as Chief Justice Carmeier was indicating, church and synagogues being defined necessarily as places of worship, and then because you can't list every single possible religion out there, the catch-all being, or other structures that are used for worship? Well, that suggests, if you are correct, if as Justice Carmeier stated, if the fact that we are assuming that churches are used primarily for religious worship, and we understand that the catch-all phrase is because we can't capture all of the religious establishment, then there is an intent from the legislature, which the legislature clarified, by adding the added clause, used primarily for religious worship. That is, in fact, the use they're trying to protect. It is not the building itself, not simply the vestige of the building, but the use, the activity, the vulnerable population. But that does nothing to take away from the assumption that churches and synagogues are places of worship. The mere fact that if you have a storefront on the corner that may not automatically be looked at as a place of worship, and all you have to do is show that is a place of worship, it doesn't take away from that. Well, Your Honor, if we're simply assuming it based on the name, then any place with the name church in it would be protected. There would be a heightened protection for any place with the name church in it, even if that is not, in fact, a church. You could have someone who would name a place, I think of many examples. You could have a restaurant called the Bubba Shrimp Church Factory. That would be a church. It would be a church under the statute. The legislature understood that this would be absurd, and that to do so would violate the defendant's due process right. Therefore, it added the requirement that such places be, in fact, used for religious worship. Is this a case of statutory interpretation, or is this a case of sufficiency of the evidence? It is both, Your Honor. As recognized in People v. Hardman, the first question here is whether the statute requires this particularized evidence for the use requirement. That is a statutory interpretation question. Does the use requirement attach to church? The next question is whether Detective Baerbaum's testimony, in fact, meets the requirements stated in the statute. That second question, Your Honor, would be a de novo question. It would be reviewed under the de novo standard, because we are not contesting the testimony provided here. We are not challenging Mr. Baerbaum's testimony as not credible. What we are simply saying is it is insufficient to meet the statutory requirement. All the facts presented in this case does not address the legal question of whether that building was, in fact, used primarily for religious purposes. Your time has expired. Sorry, Your Honor. Thank you. We would ask that you reverse the amendment. Thank you. Good morning. May it please the Court. Counsel. I'm Assistant Attorney General Jason Priegel on behalf of the people. After hearing the evidence in this case, 12 jurors were convinced beyond a reasonable doubt that the defendant had delivered a controlled substance within 1,000 feet of a church. And under the well-established rule of Jackson v. Virginia, this Court should affirm because that decision was rational. I want to start by reviewing the evidence very briefly, because I think it went a little bit further than my opposing counsel stated. The evidence showed that Detective Baerbaum, who was a multiple-year veteran of the Bloomington Police, was familiar with the First Christian Church. He had encountered it in both his personal and professional experience. He located the church. What do you mean by encountered it? I'm sorry? What do you mean by encountered it? Well, the evidence was that the questioning, the first question was, are you familiar with the First Christian Church? He answered yes. Then, have you had occasion in both your personal and professional experience to go past or walk past or drive past the church? And he said yes. So the encounter was just walk by, something like that? That was unencountered. It wasn't dealt into in the trial. So the defendant could have tried to cross-examine Detective Baerbaum or could have objected to the lack of foundation of the testimony. But the jury, in its position, was rational to accept the testimony that Detective Baerbaum was familiar with this church. The building. With the building, yes. Well, no, he said he was familiar with the First Christian Church. And he said, I didn't go to church that day, but I did observe people coming and going on that day from the church parking lot. So I think that the inferences that can be drawn from that testimony go a little bit further than what opposing counsel indicated. Detective Baerbaum also showed the jury a photograph of the church, which is reproduced in our brief on page six. And the jury could have drawn inferences from that picture as well. And as I said, the defendant had the opportunity to cross-examine about the issue of the church, had the opportunity to put on his own evidence, had the opportunity to make arguments to the jury about how they should weigh Detective Baerbaum's testimony. But he didn't do that. And so given that record, it was perfectly natural for the jury to conclude that the First Christian Church was, in fact, a church. And the defendant argues that there's a heightened evidentiary standard that we have to prove, particularized evidence that the church was used primarily for worship. But he relies on the statute and on Hardman, but it depends on confusing two distinct issues here. So the criminal statute defines the elements of the crime, what facts constitute a criminal offense in Illinois. And Jackson regulates what is the amount of evidence that the state needs to put forward to establish any particular set of facts. So I don't think there's actually any disagreement between the parties about what the elements of the crime are here. The people have to prove that a controlled substance was delivered within 1,000 feet of a church. And the parties agree that the most reasonable definition of church is a place whose primary use is for religious worship. And the defendant concedes that it doesn't have to be worship on that particular day. It just has to be religious use. And so if the church were abandoned. What is the evidence of use? The evidence is that it was a church. As a church. Well, the evidence is that his detective bare about his testimony that he observed a church. And that a church is defined as a place that is used for religious worship. He didn't interview any of the parishioners. He didn't interview the pastor or any of that. That's true. But a church is something that a lay witness can recognize in their everyday experience. The building. I'm sorry? The facade of the building that looks like a church. That's right. A person can observe a facade, observe the architecture, observe the signage, and infer that it is a church. It's a perfectly ordinary type of inference that we accept in criminal law all the time. For example, in a murder case, you might have a witness testify, I saw the defendant running from the scene of the crime with a gun. And then I saw the victim being shot. Of course, the people have to prove that the defendant actually caused the death of the victim. But it's perfectly reasonable for a jury to infer, based on that evidence, that it was the defendant who committed the crime. The same way here, the jury can see the architecture of the church, can see the sign, and infer this is a place used for religious worship. Now, we agree that an abandoned church is not a church for purposes of the statute. But there's no evidence like that in this case. The defendant wants to argue that just because he can imagine some alternative set of facts, that it is consistent with the evidence, that that compels the jury to find reasonable doubt. But that argument was rejected in Jackson itself. In Jackson, the defendant argued that he admitted that he had shot the victim, but said that it was because of self-defense, and it was because he had been drunk at the time, and he couldn't form the intent. And the Supreme Court said, no, that's an issue for the jury to decide. The jury had the opportunity to consider those alternative theories, and it reached the conclusion that it was an intentional murder. And so the same here, the jury could have considered the theories that the defendant is positing now, but they were convinced beyond a reasonable doubt that this was, in fact, a church. Now, Hardman, which the defendant also relies on, was dealing actually with both of the two issues that I've described here. There was a statutory interpretation question, and there was a sufficiency question. So Hardman was actually a more difficult case than this one, because the evidence in Hardman showed that the school that was at issue had been Ryerson Elementary the year before. The drug deal took place in July, during the summer, and then it was Laura Ward School the next year. And so the defendant had argued, well, this was a school in transition. It wasn't actually being used as a school at this time. And this court said, no, under the statute, there's this exception that says a school doesn't have to be in session. But we agree that a church has to be being used as a church, but it's not necessary to have additional evidence. There's nothing in the statute that says the state must prove, must put forth specific evidence of use. On that point, in your briefing, you argued just now that the lack of a factual dispute at trial made it easier for the jury to infer that the building was actually a church. But are you really now saying that this argument improperly shifts the state's burden to prove the case to the defendant? You argued that they should have cross-examined, they should have done this, they should have done that.  No, Your Honor. We absolutely agree that the burden is always on the people to prove all the elements of the offense. But there doesn't seem to be any evidence of use, actual use, just observations. Right. But the use is something that either the jury could infer or can understand through Detective Bierbaum's testimony that this is a church, that that's what he means. When he says this is a church, he means this is a building that's used for religious worship because that's what the definition of church is. And a church is something that the jurors and lay witnesses have experienced within their own lives, seeing in their neighborhoods and their communities, what a church looks like, what goes on at a church. It's not some specialized thing that you need an expert witness or a pastor to come in and tell you specifically how it's used. Just as a witness can testify in the right and Washington decisions that I saw a gun, didn't need to go and do testing and ensure that this really operates as a gun. It's something that a witness can identify and testify about. And so to answer Justice Thomas's question about Hardman, there's nothing that needs to be overruled. Although I do think it's important to clarify that the portion of Hardman that the defendant is relying on was dealing with the statutory interpretation question of whether the school in Hardman was in fact a school. It wasn't dealing with what is the question in this case, which is whether there was sufficient evidence that this church was a church. And that was the only evidence that this was a church. The defendant's other argument is that Detective Beerbaum didn't sufficiently demonstrate a personal knowledge. The Woods case makes clear that that objection can't be recast. It's an evidentiary objection to foundation. It can't be recast as a sufficiency challenge on appeal. If so, there would be a lot of evidentiary issues that you could recharacterize on appeal. Think about leading questions or compound questions or hearsay questions. You'd end up hearing all sorts of sufficiency challenges about the state not asking the questions in the proper way. And in any event, Detective Beerbaum did demonstrate his personal knowledge by testifying that he was familiar with the church. He had worked in the community, and he observed the church on the day of this particular trial. Was the argument made by defense that this was not a church? It was never made a trial until appeal. So there was... It was not an issue, apparently. That's right. There were real factual disputes in this case. Defendant argued very vociferously that he did not participate in these drug deals. And he put up witnesses. It was cross-examined. His attorney made arguments. And, in fact, the jury acquitted on some of the counts relating to the first drug deal that took place in December, presumably because they agreed that there wasn't sufficient evidence to show that he had been personally involved. But there was no testimony other than Detective Beerbaum, no argument, that this was not a church. What's the impact of that, then? Are these arguments forfeited? Well, under this court's case law, you can't forfeit a sufficiency charge. So he was within his rights to bring the argument here. But I do think that it shows that this was not an issue, that this was not a factual issue that was contested in trial. And so if we think of Jackson as a protection for the defendant to make sure that the trial is getting to the truth, it doesn't have any role here because this is not an issue that was ever disputed at trial. What the defendant is arguing here now is that we should employ Jackson to ensure that the prosecution always presents the perfect evidence or the best possible evidence. And that's just not necessary. Just make trials longer and more burdensome if every single fact has to be proven with the best possible evidence, even if there's no dispute about what happened on a particular point. I'm happy to answer any other questions, but otherwise we'd ask that this court affirm the conviction. Thank you. Rebuttal? Yes, Your Honor. Three points of rebuttal, Your Honor. First, to begin, the shifting of the burden. Justice is correct to suggest that there was no factual dispute at trial, that the defendant had to somehow put on evidence to contest the State's position that that was in fact a charge being used as the statute required, is shifting the burden onto the defendant. This is not an affirmative defense. This is an element of the offense which must be proven beyond a reasonable doubt. The burden stays with the State. The State must demonstrate abuse. I don't disagree with that, but wouldn't the defendant argue to the jury that the evidence was insufficient to show this was a charge based upon what the State did present? That would have been strategically sound, Your Honor.  Sure, that would have been a wise strategy, but that does not, failure to follow the perfect strategy on the part of the defense does not relieve the State of its burden of proof. The State's burden of proof is a use element which is a requirement of the statute. Counsel points to Jackson. I would point the court to Apprendi v. New Jersey. This is an enhanced conviction. This is an enhanced classification. The State under Apprendi v. New Jersey must prove the enhancing factor. The enhancing factor is, is this in fact a charge used primarily for religious worship? States provided evidence, and in fact, I would draw the court back to page 6 and 7 of my opening brief. The State tried twice to get Detective Baerbaum to provide the information that the State possibly viewed as being required in that trial. But Officer Baerbaum, Detective Baerbaum, twice echoed the court. Twice he said, I guess so. I would say so based on my observation. And when the State asked him, how do you know this? How do you know this? Oh, well, I saw cause. There was a sign. The lawn was mowed. Therefore, it's a charge. May I ask you based on appellate review of an argument of sufficiency of evidence, what is the standard of review? The ordinary standard of review, Your Honor, is the more deferential standard of review, which is in the light most favorable to the State. However, because we are not contesting the facts presented at trial, we are not challenging the testimony. We are simply saying it is insufficient. That is a legal question, which is a de novo standard. In that construct, is the idea of inferences, reasonable inferences, part of that standard? Yes, Your Honor, which leads me to my second point of rebuttal. The inference must be reasonable in light of the requirement of the statute. The requirement of the statute is use, not structural design, not vestiges, not signs. It is the use of the building. The State would suggest that if the building is in fact abandoned, it is not being used as a church. The State again says that the church must be used as a church. But the State is saying, well, we know that it must be used as such, but we don't have to demonstrate that it must be used as such. No, it must demonstrate use. That is a requirement of the statute. This Court has stated so less than six months ago in People v. Hardman. That is a rule of law, which leads me to my third point, is that Hardman is not mere dicta. It's not mere, this is about statutory interpretation. Yes, the factual holding in that case relates to schools. But the parties, the parties argued that churches and schools should be treated alike. That was the issue. That was the statutory question. Are churches like schools? This Court has reviewed all the cases, Cadena, Ortiz, and have came to the same conclusion, which we are asking this Court to reaffirm today, is that use must be demonstrated for both churches, synagogue, and any other place, structure, or building used privately. You've attacked the sufficiency of the evidence from a number of directions. But would you agree that the argument basically rises and falls as to what this Court believes used as worship modifies? If it modifies buildings, your argument fails. If it modifies church as well as buildings, your argument succeeds. Would you agree with that or not? Yes, I would agree with that, Your Honor. If this Court found that particularized evidence as to use is not required for instances where the building is, in fact, is named a church or is named a synagogue, then yes, my argument would fail. But there must be some logical grounding for why the Court would suggest that that language is not used. And again, I would draw the Court back to people before me. The purpose of that enhanced conviction is to protect the vulnerable population that make use of such places. It is the population that is aimed to protect. Churches, by definition, are both the structure, the building that is being used, and the congregation. If the congregation is no longer active, if the congregation no longer engage in religious activity, there is no evil to be protected. Therefore, we would ask that this Court be versed in Mr. Newton's conviction for the enhanced penalty. Thank you. Thank you. Case number 122958, People v. Newton, will be taken under advisement as agenda number 11. Mr. Sanchiman, Mr. Kregel, we thank you for your arguments today. You are excused for their thanks. Marshal, the Supreme Court stands adjourned until Tuesday, May 22 at 930 a.m.